UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES M. PYNE,

    Plaintiff,

v.                                          CASE NO. 8:14-CV-340-T-17EAJ

IMG COLLEGE, LLC, and
IMG WORLDWIDE, INC.,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This cause comes before the Court on Plaintiff's Motion to Remand, (Doc. # 22), filed May 5, 2014, and Defendants' Response in Opposition, (Doc. # 31), filed May 19, 2014. For the reasons stated herein, the Plaintiff's Motion is hereby **DENIED**.

## BACKGROUND AND PROCEDURAL HISTORY

On January 21, 2014, Plaintiff filed his Petition to Confirm Arbitration Award in the civil division of Hillsborough County, Florida. (Doc. # 2). Plaintiff originally filed a lawsuit on December 14, 2011, and on September 14, 2012, the Honorable Christopher Sabella entered "a Stipulated Order Compelling Arbitration, Dismissing Complaint Without Prejudice and Reserving Limited Jurisdiction." (Doc. # 2). On January 21, 2014, an arbitration panel issued an arbitration award to Plaintiff against Defendants. (Doc. # 2). In his Petition, Plaintiff sought confirmation of that arbitration award, as well as costs incurred. (Doc. # 2). On February 7, 2014, Defendants paid Plaintiff the total amount of the arbitration award, but withheld "required federal taxes." (Doc. # 31). That same day Plaintiff expressed opposition to the tax withholding and sent a letter to Defendants

concerning same. (Doc. # 22). On February 10, 2014, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446(b). (Doc. # 1).

On April 2, 2014, attorneys for both parties appeared before Magistrate Judge Elizabeth A. Jenkins, and advised the Court on their positions regarding jurisdiction, the relief sought, and opposition thereto. (Doc. # 18). The Court set a 30-day deadline, which expired May 5, 2014. Id. While counsel for Plaintiff represented jurisdiction was not disputed and the amount in controversy "well exceeds $75,000," (Doc. # 31), counsel for Plaintiff now alleges the Court lacks diversity and subject matter jurisdiction, and seeks remand to state court. (Doc. # 23). Defendants oppose this contention, and argue they have met their burden for removal. (Doc. # 31).

## **STANDARD OF REVIEW**

Federal law authorizes the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." U.S.C. § 1441(a). The Court's original jurisdiction in this case is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), which authorizes federal jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

The party seeking removal carries the burden of establishing federal jurisdiction. Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). Where damages are not specified in the complaint, such as in this case, "the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). The preponderance of the evidence standard is "'[a] superior evidentiary weight that, though not sufficient to free the mind wholly from all

2

reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other. Id. (citing Black's Law Dictionary 1220 (8th ed. 2004)). The preponderance of the evidence standard does not require a removing party to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010)).

When determining if an unspecified amount in controversy is met, the Court may look beyond the complaint to "evidence relevant to the amount in controversy at the time the case was removed." id. Additionally, the Court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" to determine if the amount in controversy is met. Id. Deductions combined with factual allegations supported by evidence are not speculative. Id. Further, courts may use judicial "experience and common sense in determining" the amount in controversy. Roe v. Michelin North America, Inc., 613 F. 3d 1058, 1062 (11th Cir. 2010). However, because the removal statutes are strictly construed against removal, all doubts about removal must resolve in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

## DISCUSSION

Diversity of citizenship between the parties is not disputed. The issue before the Court for diversity jurisdiction is whether the Defendants have demonstrated that the amount in controversy more likely than not exceeds the statutory $75,000 threshold.

Plaintiff contends IMG bears the burden of proving removal was proper, and that this determination is "based on the plaintiff's pleadings at the time of removal." (Doc. # 23) (citing Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)). Plaintiff argues based on the pleadings and a lack of specified damages therein, Defendants cannot meet

3

their burden to prove the amount in controversy exceeds the statutory $75,000 requirement. (Doc. # 23). Defendants oppose this argument, and urge the Court to look beyond the petition to other pleadings and consider certain binding admissions made through correspondence, motions, and representations to the Court. (Doc. # 31).

When pleadings are silent or do not specify the amount in controversy, the Court may look beyond the pleadings. Pretka, 608 F.3d at 754. The removing party bears the responsibility to demonstrate "by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." McGee v. Sentinel Offender Serv's, LLC, 719 F.3d 1236, 1241 (11th Cir. 2013) (quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)). Defendants may rely on affidavits, declarations, and "a wide range of evidence in order to satisfy the jurisdictional requirements of removal." Pretka, 608 F.3d at 755 (citations omitted). The value of injunctive relief for amount in controversy purposes is "the monetary value of the object of the litigation that would flow to [plaintiff] if the injunction were granted." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002) (citing Ericsson GE Mobile Comm., Inc. v. Motorola Comm. & Elecs., Inc., 120 F.3d 216, 218 (11th Cir. 1997)).

Defendants have satisfied their burden. Defendants filed an affidavit from Louis W. Doherty, their Senior Vice President and General Counsel, attesting to the bases for withholdings in accordance with the Internal Revenue Code and IRS regulations. (Doc. # 1-1). Mr. Doherty further affirmed that although the award amount was confidential, the withholdings exceeded $75,000. (Doc. # 1-1). Moreover, Defendants filed correspondences between counsel for Plaintiff and Defendants addressing the dispute. (Doc. # 1-1). From these filings, as well as Plaintiff's counsel's representations and

CASE NO. 8:14-CV-340-T-17EAJ

admissions to Magistrate Judge Jenkins that the amount in controversy "well exceeds" the $75,000 threshold, the amount Defendants withheld appears to unquestionably exceed $75,000. Finally, it is undisputed that the object of Plaintiff's litigation is confirmation and enforcement of the full arbitration award. This confirmation and enforcement would result in Plaintiff recovering the withholdings, which exceed $75,000. While Plaintiff did not specifically request monetary damages, the requested confirmation and enforcement—essentially injunctive or declaratory relief—would result in the recovery of funds exceeding $75,000. Therefore, this Court finds Defendants have met their burden for removal, and this Court has jurisdiction based on diversity and amount in controversy. As diversity jurisdiction is satisfied, the Court declines to address the remaining jurisdictional arguments. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of October, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record

5