UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES M. PYNE,

    Plaintiff,

v.                                            CASE NO. 8:14-CV-340-T-17EAJ

IMG COLLEGE, LLC, and
IMG WORLDWIDE, INC.,

    Defendants.

_____/

## ORDER

This cause comes before the Court on Defendants', IMG COLLEGE, LLC, and IMG WORLDWIDE, INC., Motion for Summary Judgment, (Doc. # 21), filed May 5, 2014, Plaintiff's, JAMES M. PYNE, Response in Opposition, (Doc. # 30), filed May 19, 2014, Plaintiff's Motion to Confirm Arbitration Award, (Doc. # 29), and Defendants' Response in Opposition, (Doc. # 37), filed May 29, 2014. For the reasons stated herein, the Defendants' Motion is **DENIED**, and Plaintiff's Motion is **GRANTED in PART**.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff originally filed a lawsuit on December 14, 2011, in Hillsborough County, Florida. On September 14, 2012, the Honorable Christopher Sabella entered "a Stipulated Order Compelling Arbitration, Dismissing Complaint Without Prejudice and Reserving Limited Jurisdiction." (Doc. # 2). On January 21, 2014, an arbitration panel issued an arbitration award to Plaintiff against Defendants. (Doc. # 2). Plaintiff then filed his Petition to Confirm Arbitration Award in the civil division of Hillsborough County, Florida. (Doc. # 2). In his Petition, Plaintiff sought confirmation of that arbitration award

and costs incurred. (Doc. # 2). On February 7, 2014, Defendants paid Plaintiff the arbitration award, but withheld "required federal taxes." (Doc. # 21). That same day Plaintiff expressed opposition to the tax withholding via a letter addressed to Defendants. (Doc. # 30). On February 10, 2014, Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446(b). (Doc. # 1).

On April 2, 2014, attorneys for both parties appeared before Magistrate Judge Elizabeth A. Jenkins, and advised the Court on their positions regarding jurisdiction, the relief sought, and opposition thereto. (Doc. # 18). The Court required the parties to file dispositive motions, both of which are now before the Court to determine the appropriateness of Defendants' withholding taxes from the arbitration award, and relief sought in litigating that issue. (Docs. ## 21, 29, 30, 37).

## STANDARD OF REVIEW

**1. Summary Judgment**

Summary judgment is appropriate if the pleadings, discovery, disclosure materials on file, and any affidavits demonstrate there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are

2

resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Anderson, 477 U.S. at 248. However, if the evidence is merely colorable...or is not significantly probative...summary judgment may be granted. Id. at 249–250.

**2. Arbitration Award**

When the parties agree "a judgment of the court shall be entered upon the award made pursuant to the arbitration...then any party to the arbitration may apply to the court so specified for an order confirming the award" within one year after the award is made. 9 U.S.C. § 9. The court must confirm the award unless it is vacated, modified, or corrected under Sections 10 or 11 of the Federal Arbitration Act. Id. Upon application, the Court has jurisdiction to vacate an award when a party proves: "1) the award was procured by corruption, fraud, or undue means; 2) [...] evident partiality or corruption on the part of the arbitrators;" 3) misbehavior on the part of the arbitrator which prejudiced the rights of any party; or 4) the arbitrators exceeded their powers, or "so imperfectly executed them that a mutual, fine, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10. Upon application, the Court has jurisdiction to modify or correct an award when a party proves: 1) an "evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award;" 2) the arbitrators awarded "a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted;" or 3) "the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11. Either application is required within three months after the award is filed. 9 U.S.C. § 12.

## DISCUSSION

Defendants collectively move for the determination that: 1) the Court has jurisdiction to adjudicate this claim; 2) Plaintiff's claim is moot; 3) the Court lacks any authority beyond confirming the award; and 4) Plaintiff is not entitled to costs and fees. (Docs. ## 21, 37). Plaintiff opposes these arguments, and asserts the Court does not have jurisdiction to adjudicate this claim, but in the event the Court determines it has jurisdiction, Plaintiff contends the Court should confirm the award as written, enter judgment in his favor, and grant costs and fees. (Docs. ## 29, 30). Essentially, Plaintiff's Motion to Confirm Arbitration Award and Response to Defendants' Motion for Summary Judgment contain the same arguments in favor of confirmation of the arbitration award, (Docs. ## 29, 30), and Defendants' Motion for Summary Judgment and Response to Plaintiff's Motion to Confirm Arbitration Award contain the same arguments in opposition to confirmation of the arbitration award. (Docs. ## 21, 37).

1. **Jurisdiction**

Defendants implore the Court to retain jurisdiction of this matter, and Plaintiff argues the Court lacks jurisdiction to hear the case. This Court previously determined jurisdiction was appropriate and this matter was not subject to remand. (Doc. # 45). The Court hereby adopts and incorporates by reference the determinations and rulings contained in the Order Denying Plaintiff's Motion to Remand to State Court. (Doc. # 45). This Court has jurisdiction to determine the merits of the case.

### 2. Whether the Claim is Moot

Defendants next claim Plaintiff's claim is moot because Defendants paid the full amount of the award, less tax withholdings that were surrendered to the Internal Revenue Service. Plaintiff opposes this argument, and contends although the Defendants paid Plaintiff and surrendered the tax withholdings, Defendants' unilateral determination to surrender taxes, as well as the calculation thereof, creates a live controversy. The Court agrees that the determination to surrender taxes and the calculation thereof constitutes a live controversy as to whether Defendants complied with the arbitration award, and therefore the Court cannot find this case moot.

### 3. Remedies Available to Plaintiff

Defendants next argue the only remedy available to Plaintiff, if a live controversy remains, is confirmation of the award as written. (Docs. ## 21, 37). Plaintiff explicitly agrees. (Docs. ## 29, 30). The parties diverge, however, on the issue of whether Plaintiff's requested relief results in a guised tax refund suit. (Doc. # 21).

The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C. § 7421(a). The United States Court of Appeals for the Fifth Circuit determined "it is a clearly expressed congressional policy that courts should not intervene preemptively in the tax collection process." Brittingham v. U.S. C.I.R., 451 F.2d 315, 317 (5th Cir. 1971).

In Hudson v. Merrill Lynch International Finance, Inc., the court analyzed circumstances factually similar to those before this Court. 2012 WL 5877960, *1 (E.D. La. 2012). In Hudson, the plaintiff and his employer Merrill Lynch entered into arbitration, an award was entered in favor of plaintiff, and Merrill Lynch withheld taxes from that

5

award. Id. at *3. The Hudson court reviewed the arbitration award and found it to be "textually clear" that the "damages" were to be paid to plaintiff, but fell silent on the issue of taxes. The Court ultimately awarded the full amount of the award to plaintiff, but without determining the amount of taxes due and owing. Id. Rather than determine whether the requested relief would result in a tax refund suit, the Hudson court instead analyzed whether Merrill Lynch's actions were permissible under the Federal Arbitration Act. Id. The Hudson court determined any intention for an award of "damages" to fall under the classification of "wages" would go to the ambiguity in the arbitration panel's justification for the award, and Merrill Lynch did not seek any form of modification or clarification. id. The Hudson court ultimately confirmed the award, ordered Merrill Lynch to pay the full amount to plaintiff, and left the responsibility to pay taxes to plaintiff. Id.

In Barker v. Halliburton Co., the court ultimately confirmed an arbitration award through the same mechanisms as the Hudson court. 2010 WL 1791107, *1 (S.D. Tex. 2010). The Barker court went further, analyzing the arguments with respect to a tax suit and 26 U.S.C. § 7421(a). Id. While the Barker court recognized the limitations of a plaintiff's options under 26 U.S.C. § 7421, it also found no authority for the proposition that 26 U.S.C. § 7421 mandates withholding on arbitration awards.

This Court finds the analysis provided in Hudson and Barker persuasive. This matter could have been expeditiously resolved through a clarification with the arbitration panel—through a motion to vacate, modify, or correct the award; however, neither party moved for such relief, and the time to request such relief has long since passed. This Court is without authority to grant any relief beyond confirming the arbitration award, and while Defendants may have had a genuine, good faith intent to comply with perceived tax

obligations, the arbitration award in this case did not mention the issue of taxes—calculation, determination, or otherwise. Defendants' actions of withholding taxes resulted in an impermissible, unilateral modification of the arbitration award. Plaintiff is entitled to the full payment of the arbitration award, and the issue for taxes and calculation is between Plaintiff and the federal government. This Court is powerless to vacate, modify, or correct the original arbitration award, and must confirm it in its present form.

### 4. Entitlement to Costs and Fees

Defendants oppose Plaintiff's request for attorneys' fees and costs, noting the agreement is controlled by the Federal Arbitration Act, which does not permit the award of attorneys' fees and costs. (Docs. ## 21, 37). Plaintiff requests attorneys' fees and costs under the Florida Arbitration Code, arguing that fees and costs are permissible in proceedings to confirm or set aside an arbitration decision. (Docs. ## 29, 30).

Attorneys' fees and costs are a permissible award, and the Court is not required to impose such costs under these circumstances. When fees are permissible and not mandatory, such an award is typically granted when the suit is frivolous. This Court cannot find these circumstances were frivolous; the authority on this subject is scarce, and the award contained some level of ambiguity. Accordingly, it is

**ORDERED** that Defendants' Motion for Summary Judgment is **DENIED**.

It is further **ORDERED** that Plaintiff's Motion to Confirm the Arbitration Award is **GRANTED**. Defendants must pay the full amount of the arbitration award to Plaintiff, and Plaintiff must fulfill his obligations for taxes. The Clerk of Courts is directed to enter judgment for Plaintiff and against Defendant.

CASE NO. 8:14-CV-340-T-17EAJ

It is further **ORDERED** that Plaintiff's request for attorneys' fees and costs is **DENIED**.

The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this _7th_ day of November, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record